IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

**Roosters Franchising Company, LLC** :
6140 Dublin Road
Dublin, Ohio 43017 :

   Plaintiff,     :   Judge:

v.           :   Magistrate Judge:

**R & R Roosters, Inc.** :
7106 Biddulph Road
Cleveland, OH 44144 :

   Defendant.    :

## VERIFIED COMPLAINT

**NOW COMES** Plaintiff, Roosters Franchising Company, LLC ("RFC"), by and through its counsel, Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., and for its Verified Complaint against the Defendant, R & R Roosters, Inc. ("R&R"), avers and states as follows:

### Jurisdiction & Venue

1. Roosters Franchising Company LLC ("RFC") is an Ohio limited liability company with its principal place of business at 6140 Dublin Road, Dublin, Ohio 43017. RFC operates a franchise system throughout Ohio and Kentucky known as "BC Roosters" restaurants. There are twenty-two (22) B.C. Roosters restaurants in operation.

2. Defendant R&R Roosters, Inc. ("R&R") is a corporation that operates a BC Roosters franchise restaurant at 7106 Biddulph Road, Cleveland, Ohio 44144 ("Restaurant") pursuant to a franchise agreement executed with RFC on October 6, 2006 ("Franchise Agreement").

1

3. This action arises under the Trademark Laws of the United States (15 U.S.C. §§ 1051-1127), as hereinafter more fully appears, and jurisdiction is based upon 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

4. Venue is proper herein as the Franchise Agreement at issue specifically provides that the parties, including Defendant R&R, submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, located in Columbus, Ohio, with respect to any claim or dispute arising out of or relating to the Franchise Agreement or the interpretation or enforcement of the Franchise Agreement. Thus, the parties, including Defendant R&R, have consented to venue and jurisdiction in this Court.

**Facts Relevant to All Claims**

5. On October 6, 2006, R&R executed a franchise agreement with RFC whereby R&R was entitled to operate a BC Roosters restaurant franchise ("Franchise Agreement"). A copy of the Franchise Agreement is attached hereto as Exhibit A and made part hereof.

6. R&R currently operates a BC Roosters restaurant located at 7106 Biddulph Road, Cleveland, OH 44144 ("Restaurant").

7. Section IV(A) of the Franchise Agreement states,

"In consideration of the granting of the License Rights and the use of the Roosters® Operating System and of the Marks and other services provided by [RFC], [R&R] is required to pay a continuing services and royalty fee (the "Royalty" or "Royalties") equal to three and one quarter percent (3.25%) of the total gross sales * * * derived from the Roosters® Restaurant franchised hereunder." ("Royalties")

8. Pursuant to Section XVI(A)(4)(f) of the Franchise Agreement, RFC

2

326928v1

was permitted to terminate the Franchise Agreement if R&R "defaults in the payment of or reporting of Royalties or advertising fees or any other indebtedness or obligation due hereunder when such payments were due and payable under the terms of [the Franchise] Agreement" upon thirty (30) days written notice and R&R's failure to cure such default within the thirty (30) day period.

9. Pursuant to Section XVI(A)(4)(d) of the Franchise Agreement, RFC was permitted to terminate the Franchise Agreement if R&R "continues to operate the Restaurant in such a manner that damages the goodwill, reputation or service marks * * * developed by [RFC]" upon 30 days written notice and R&R's failure to cure such default within the 30 day period.

10. Pursuant to Section VII(I) of the Franchise Agreement, R&R is required to "at all times dispense, sell, or offer for sale to the public, only such articles, foods or other products which meet the exact specifications and standards from time to time designated in writing by [RFC] * * *."

11. Pursuant to Section XVI(A)(4)(i) of the Franchise Agreement, RFC is permitted to terminate the Franchise Agreement if R&R "violates any other term or condition" of the Franchise Agreement.

12. RFC allows only approved food products from qualified vendors to be offered to BC Roosters guests. RFC constantly monitors the quality, consistency and safety of food products offered throughout the BC Roosters system, including those offered by franchisees, by establishing approved vendors and suppliers, setting forth requirements in its franchise agreements and

326928v1

operating manuals, and by providing information in its training classes and communications to franchisees.

13. Without limitation, RFC has received numerous complaints confirming R&R is not adhering to the requirements of the Franchise Agreement to sell the specific food products required to operate a BC Roosters restaurant, and has inspected and confirmed the same are true.

14. R&R violated Sections XVI(4)(d) and XVI(4)(i) of the Franchise Agreement by knowingly refusing to sell food and other products which met the exact specifications and standards designated by RFC, including certain proprietary products purchased through Gordon Food Service.

15. Beginning in December 2008, R&R failed to fully report monthly gross sales as required by Section IV(C) of the Franchise Agreement. Also, since July 2009, R&R has failed to provide any monthly financial reports of gross sales to RFC.

16. Beginning in December 2008, R&R violated Sections IV(A) and XVI(A)(4)(f) of the Franchise Agreement by failing to remit to RFC all Royalties due and owing to RFC pursuant to the Franchise Agreement.

17. On October 14, 2009, RFC provided R&R written notice of default, as well as on multiple previous occasions, as required by the Franchise Agreement ("Notice of Default") due to R&R's failure to serve approved food and other products and failure to pay Royalties to RFC. A copy of RFC's Notice of Default dated October 14, 2009 is attached hereto as Exhibit B and made a part hereof.

18. Subsequent to receiving the Notice of Default, R&R failed to cure the aforementioned defaults within the requisite thirty (30) day cure period provided for in the Franchise Agreement.

19. On April 25, 2010, RFC served R&R a notice of termination of the Franchise Agreement and did in fact terminate the Franchise Agreement ("Notice of Termination"). A copy of the Notice of Termination is attached hereto as Exhibit C and incorporated by reference.

20. To date, R&R continues to flout the RFC operating system by failing to comply with the most basic requirements concerning food products and menu items. R&R, among other continuing and repeated defaults and deficiencies, repeatedly served and continues to serve to the general public unapproved food products purchased from suppliers and food purveyors that RFC has not approved.

21. Pursuant to Section XVII of the Franchise Agreement, upon termination of the Franchise Agreement, a franchisee is required to:

> "(1) immediately pay [RFC] all sums then owing from the operation of the Restaurant or arising under the terms of [the Franchise] Agreement; and
>
> (2) immediately return the Rooster Brand Standards Manual, all records, forms, and other materials to [RFC]; and
>
> (3) immediately discontinue advertising as a [B.C. Roosters restaurant]; and
>
> (4) immediately discontinue the use of all [trademarks and/or service marks], Confidential Information, Trade Secrets and Trade Dress[1]; and

---

[1] Trade dress is RFC's "Fun, Casual Joint" concept that consists of wooden tables, chairs and floors, an array of television monitors, hand written signs with humorous sayings and local sports memorabilia and wall décor ("Trade Dress"). "Confidential Information" includes, but is not limited

5

\* \* \*

(7) take such action as may be reasonably required by [RFC] to decharacterize the Restaurant including, but not limited to, the removal of all Trade Dress, color schemes, Marks, trademarks, service marks, trade names, all hand written signage, local sports motif items, and logos utilized in the operation of the Roosters Restaurant."

22. To date, R&R continues to operate the Restaurant with BC Roosters signage, using BC Roosters trade and/or service marks, and using RFC proprietary information and products including, but not limited to, RFC recipes, menus, and interior décor.

23. R&R's actions constitute an improper and unauthorized infringement upon RFC's trademarks in violation of 15 U.S.C. § 1114(1).

24. R&R's acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake, or to deceive. R&R's use in commerce of the designation "BC Roosters A Fun, Casual Joint" in connection with its restaurant business is an infringement of RFC's registered trademark "BC Roosters A Fun, Casual Joint" in violation of 15 U.S.C. § 1114(1).

25. RFC's trademark "BC Roosters A Fun, Casual Joint" has become uniquely associated with and, hence, identifies BC Roosters restaurants. R&R's use of the designation "BC Roosters A Fun, Casual Joint" is a use of a false

---

to, RFC's business plan and method of doing business; Trade Dress; Trade Secrets specifically including its recipes; know-how concerning the methods of operations and food preparation and formulae; information contained in the Roosters Brand Standards Manual or obtained through training provided by RFC. "Trade Secrets" includes the Confidential Information and shall also include, but is not limited to, (i) any information, whether oral or written, provided by RFC to R&R, and (ii) such other plans, proposals, marketing and sales plans, financial information and other information, whether oral or written, which was provided by RFC to R&R during the term of the Franchise Agreement, which information was used in the business of operating the Restaurant and which information enabled R&R to obtain an advantage over its competitors who do not know or use the information.

6

designation of origin, or a false representation, wrongly and falsely designates R&R's products as originating from or being connected with RFC and/or BC Roosters and constitutes utilizing false descriptions or representations in interstate commerce. R&R's acts are in violation of 15 U.S.C. § 1125(a).

26. In addition to the use of unapproved food products, RFC has previously issued multiple Notices of Default as well as voluminous letters, emails and inspections to R&R detailing violations and defaults ranging from failure to pay required Royalties to unapproved performances by bands at the Restaurant. These notices of defaults, voluminous letters, emails and inspections have been issued from 2008 to present.

27. Since on or before January 2009, R&R has engaged in the intentional and purposeful practice of not reporting gross sales to RFC, as required by the Franchise Agreement, and failing to pay Royalties to RFC in violation of the Franchise Agreement and the franchisor rights of RFC.

28. RFC continues to be damaged and irreparably harmed by R&R's default of the Franchise Agreement, as R&R's conduct damages the public perception of, reputation of, and public goodwill toward RFC and other BC Roosters restaurants through R&R's use of substandard products.

### FIRST CAUSE OF ACTION
### INJUNCTIVE RELIEF RELATING TO
### DECHARACTERIZATION OF RESTAURANT

29. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

30. On April 25, 2010, RFC served R&R the Notice of Termination and

did in fact terminate the Franchise Agreement.

31. Pursuant to Section XVII of the Franchise Agreement, upon termination of the Franchise Agreement, a franchisee is required to:

> "(1) immediately pay [RFC] all sums then owing from the operation of the Restaurant or arising under the terms of [the Franchise] Agreement; and
>
> (2) immediately return the Rooster Brand Standards Manual, all records, forms, and other materials to [RFC]; and
>
> (3) immediately discontinue advertising as a [B.C. Roosters restaurant]; and
>
> (4) immediately discontinue the use of all [trademarks and/or service marks], Confidential Information, Trade Secrets and Trade Dress; and
>
> \* \* \*
>
> (7) take such action as may be reasonably required by [RFC] to decharacterize the Restaurant including, but not limited to, the removal of all Trade Dress, color schemes, Marks, trademarks, service marks, trade names, all hand written signage, local sports motif items, and logos utilized in the operation of the Roosters Restaurant."

32. To date, R&R continues to operate the Restaurant with BC Roosters signage, using BC Roosters trade and/or service marks, and using RFC proprietary information and products including, but not limited to, RFC recipes, menus, and interior décor.

33. RFC will suffer irreparable harm if injunctive relief is not awarded, as there is no adequate remedy at law and the public interest favors the issuance of an injunction.

34. Furthermore, R&R's acts are in violation of 15 U.S.C. § 1125(a).

35. No third parties will be unjustifiably harmed if this injunctive relief is

8

granted.

36. As such, RFC requests that this Court issue a Temporary Restraining Order, and a Preliminary and Permanent Injunction requiring R&R to (i) immediately remove all interior and exterior signage referencing BC Roosters (ii) remove all interior signs with humorous, anecdotal phrasings ("white signs"); (iii) return all B.C. Roosters table caddies to RFC; (iv) remove and/or repaint the redwood tables currently in use in the Restaurant; (v) immediately return the Rooster Brand Standards Manual, all records, forms, and other materials to RFC; (vi) immediately discontinue advertising as a BC Roosters restaurant; (vii) immediately discontinue the use of all trademarks, service marks, Confidential Information, Trade Secrets and Trade Dress.

## SECOND CAUSE OF ACTION
## AUDIT OF R&R BOOKS AND RECORDS, PAYMENT OF ANY FEES DUE

37. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

38. RFC states that R&R is in default of the Franchise Agreement as outlined in the April 25, 2010 Notice of Termination attached as Exhibit C.

39. Said default has caused the termination of the Franchise Agreement and RFC is entitled to any and all relief pursuant to said default, including, but not limited to, enforcement of the post-termination covenants and the payment of all fees due and owing to RFC to date.

40. RFC asserts that grounds exist to conduct an audit of R&R, and others involved in the operation of the Restaurant, to determine gross sales reported to RFC as compared to actual gross sales of the Restaurant, from the

9

time the Restaurant began operation to the present, as well as to determine gross sales unreported to RFC in prior months. As such, RFC requests that this Court issue an order granting access to and an audit of all books and records of R&R from October 1996 to the present, and seeks judgment against R&R for fees related to any and all underreported or unreported gross sales, Royalties, and other fees that should have been paid, but were not paid, to RFC, penalties on said amount pursuant to the Franchise Agreement, together with interest and all costs of said audit.

41. In addition, §VII(J) of the Franchise Agreement authorizes RFC to inspect R&R's books, records, and cash control devices and systems and hard drives relating to same. Therefore, in addition and as a further basis for the relief set forth above, RFC demands the right to conduct a complete audit, as authorized by the Franchise Agreement, and to audit all of the cash control devices, computer systems, and point of sale records, and hard drives relating to same of R&R with respect to the Restaurant.

42. As a result of the foregoing, R&R demands damages in an amount to be established at the time of trial and seeks all other equitable and monetary relief requested herein.

### THIRD CAUSE OF ACTION
### ATTORNEY FEES AND EXPENSES

43. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

44. Section XXIII of the Franchise Agreement provides that in the event of default on the part of either party to the Franchise Agreement, and in addition

10

to any other remedies of the aggrieved party, the party in default shall pay to the aggrieved party all amounts due and all damages, costs and expenses, including reasonable attorney's fees, incurred by the aggrieved party as a result of any such default.

45. As a result of said Franchise Agreement provision and defaults by R&R, RFC is entitled to reimbursement for all costs, expenses, and attorney fees incurred in the prosecution of this lawsuit and/or as a result of defaults by R&R.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

46. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

47. As discussed *supra.*, a contract existed between RFC and R&R.

48. RFC fully performed its obligations under the contract.

49. R&R breached the contract for the reasons discussed *supra.*, including, but not limited to, failing to properly report all gross sales and pay required Royalties to RFC, permitting bands to perform at the Restaurant, and serving unapproved food products purchased from suppliers and food purveyors that RFC has not approved.

50. As a result of thereof, RFC has been damaged in an amount to be determined at the trial of this matter.

## FIFTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

51. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

11

326928v1

52. R&R owed RFC a fiduciary duty to, among other things, properly report gross sales and pay Royalties to RFC for those gross sales.

53. R&R breached that duty by failing to report gross sales to RFC and failing to pay Royalties to RFC for those sales.

54. As a result thereof, RFC has been damaged in an amount to be determined at the trial of this matter.

## SIXTH CAUSE OF ACTION
## FRAUD/MISREPRESENTATION

55. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

56. R&R made false representations and/or omissions to RFC regarding its gross sales and by failing to make royalty payments.

57. The false representative and/or omissions were material to the transaction at hand and induced RFC into acting on them.

58. R&R made the false representations and/or omissions with the intent of misleading RFC to rely upon them.

59. RFC justifiably relied to its detriment upon the false representations and/or omission of R&R.

60. As a result thereof, RFC has been damaged in an amount to be determined at the trial of this matter.

## SEVENTH CAUSE OF ACTION
## CONVERSION

61. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

62. R&R intentionally and improperly converted to its own use monies acquired by failing to report gross sales and failing to pay Royalties for gross sales.

63. Said monies belong to RFC.

64. The conversion of said funds damaged RFC in an amount to be determined at the trial of this matter.

## EIGHTH CAUSE OF ACTION
## CIVIL THEFT

65. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

66. R&R knowingly obtained and used, or endeavored to obtain and use, misappropriated monies which belonged to RFC and intended to appropriate said monies to its own use or to the use of a person not entitled thereto.

67. As a result thereof, RFC has been damaged in an amount to be determined at the trial of this matter.

## NINTH CAUSE OF ACTION
## UNJUST ENRICHMENT

68. RFC restates each and every foregoing allegation as if it was fully rewritten herein and incorporates the same herein.

69. RFC, by permitting R&R use of the BC Roosters trade and/or service marks, RFC proprietary information and products including, but not limited to, recipes, menus, and interior décor, conferred a benefit to R&R.

70. R&R is aware and has knowledge of the benefits conferred by

13

RFC.

71. To date, R&R has continued to retain the benefits conferred by RFC without royalty payments and other fees, and as such, has been unjustly enriched.

72. Because R&R has been unjustly enriched, RFC has suffered damages in an amount to be determined at the trial of this matter.

**WHEREFORE,** based on the foregoing, Plaintiff, Roosters Franchising Company, LLC, Inc. asks for the following relief:

> A. A temporary restraining order and preliminary and permanent injunctive relief, requiring R&R to (i) immediately remove all interior and exterior signage referencing BC Roosters (ii) remove all interior signs with humorous, anecdotal phrasings ("white signs"); (iii) return all BC Roosters table caddies to RFC; (iv) remove and/or repaint the redwood tables currently in use in the Restaurant; (v) immediately return the Rooster Brand Standards Manual, all records, forms, and other materials to RFC; (vi) immediately discontinue advertising as a BC Roosters restaurant; (vii) immediately discontinue the use of all trademarks, service marks, Confidential Information, Trade Secrets and Trade Dress.
>
> B. Judgment for all royalties and other fees due and owing with respect to the Restaurant by R&R to RFC;
>
> C. An order prohibiting R&R from violating 15 U.S.C. § 1125(a) *et seq.,* as follows:
>
> That R&R, their agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be forthwith permanently enjoined and restrained from:
>
>> a. using the trademark "BC Roosters A Fun, Casual Joint" or any confusingly similar designation, alone or in combination with other words, as a trademark, trade name component, domain name, or otherwise to market, advertise or identify R&R's restaurant services,

14

       and related products/services, including those listed above;

   b.   otherwise infringing RFC's mark;

   c.   unfairly competing with RFC in any manner whatsoever; and causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of RFC's symbols, labels, or forms of advertisement.

D.   That R&R be directed to file with the Court and serve on RFC, within thirty (30) days after service of the applicable injunction, a report in writing and under oath, setting forth in detail the manner and form in which R&R has complied with the injunction;

E.   That R&R be required to deliver up and destroy all devices, literature, advertising, and other material bearing the infringing designation;

F.   That R&R be required to take any and all steps necessary to insure that R&R's agents do not sell or offer for sale restaurant services and related products/services, bearing said infringement mark;

G.   That R&R be required to account to RFC for any and all profits derived by R&R from revenue derived from its restaurant services and any other products/services, including those listed above, and for all damages sustained by R&R by reason of said acts of infringement and unfair competition complained of herein;

H.   Compensatory damages in an amount in excess of $75,000, and to be determined at the trial of this matter, as justified by the applicable evidence;

I.   Punitive and/or treble damages, as applicable, pursuant to common law and statutory law;

J.   Judgment for all costs, expenses, and attorney's fees incurred by RFC in the prosecution of this litigation and/or as a result of the contract breaches and defaults by R&R, and each of them;

K.   For such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Alicia E. Zambelli
Thomas E. Boyle (0007459)
Bruce H. Burkholder (0007443)
Mark C. Melko (0069396)
Alicia E. Zambelli (0082209)
Wiles, Boyle, Burkholder &
Bringardner Co. LPA
300 Spruce Street, Floor One
Columbus, Ohio 43215
Telephone: 614-221-5216
Fax: 614-221-4541
tboyle@wileslaw.com
bburkholder@wileslaw.com
mmelko@wileslaw.com
azambelli@wileslaw.com
Attorneys for Roosters Franchising
Company, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Thomas E. Boyle
Thomas E. Boyle (0007459)

326928v1

## VERIFICATION

State of Ohio : 
                : ss 
County of Franklin :

Daniel Ponton, President of Roosters Franchising Company, LLC, and affiliated companies, being first duly cautioned and sworn, states that the factual assertions and allegations found in the Verified Complaint are true to the best of his knowledge and belief, based on information available through the records and employees of Roosters Franchising Company, LLC and/or through personal knowledge.

**Roosters Franchising Company, LLC**

By: Daniel Ponton
Its: President

Sworn to before me and subscribed in my presence this 29 day of April, 2010.

Notary Public   My commission expires 12/7/2011

17

326928v1